# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Yeffri Amador Zapata, ) | |
| ) | C.A. No.: 2:17-cv-2367-PMD |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Elaine C. Duke, Acting Director of the ) | |
| Department of Homeland Security, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

This action is before the Court on Respondent United States Citizenship and Immigration Services' ("USCIS") motion to dismiss Petitioner Yeffri Amador Zapata's petition for review of his application for naturalization (ECF No. 12). For the reasons stated herein, USCIS's motion is granted.

## BACKGROUND AND PROCEDURAL HISTORY

Zapata, a lawful permanent resident of the United States, applied for citizenship through naturalization on March 11, 2016. Zapata has been arrested several times, including driving-related arrests in 2004 and 2006, two disorderly conduct arrests in 2008, giving false information in 2009, reckless driving in 2009, shoplifting in 2011, and giving false information and violating a county ordinance in 2013.[1] On November 11, 2016, USCIS determined that Zapata was not eligible for naturalization because he had not demonstrated good moral character. Zapata submitted a request for a hearing on December 15, 2016. USCIS denied that request on August 10, 2017. On September 1, Zapata filed his complaint seeking this Court's de novo review

---

1. Zapata's criminal record has not been presented to the Court; however, USCIS's August 10, 2017 decision indicates that he was convicted for all of these charges except for the 2013 charge for giving false information. Zapata admits to each of these arrests in his complaint and has not disputed those convictions.

pursuant to 8 U.S.C. § 1421(c), and an order approving his naturalization application. On November 11, USCIS moved to dismiss Zapata's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Court cannot grant Zapata the relief he seeks based on the undisputed facts before it. After the Court granted leave to file late, Zapata responded on December 4. USCIS replied on December 12. Accordingly, this matter is now ripe for consideration.

## **LEGAL STANDARD**

A motion to dismiss pursuant Rule 12(b)(6) for failure to state a claim "challenges the legal sufficiency" of a pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Our courts use a "two-pronged approach" to assess a claim's legal sufficiency. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies all of the pleading's factual allegations, assumes they are true, and construes all of their reasonable inferences in favor of the pleader. *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations . . . is inapplicable to legal conclusions."). Then, it determines whether those presumed-true allegations "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when" it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must demonstrate that the pleader's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly,

"[d]etermining whether a [pleading] states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

USCIS argues that Zapata's petition fails to state a claim upon which relief can be granted because he is not entitled to naturalization as a matter of law. It contends he cannot demonstrate that he had good moral character for the five years preceding the submission of his application through to the present, a requirement for naturalization. *See* 8 U.S.C. § 1427(a). There are several bars to establishing good moral character, such as committing a crime involving moral turpitude during the five year statutory period. 8 C.F.R. § 316.10(b)(2)(i); 8 U.S.C. § 1101(f)(3). If an applicant is not subject to one of the categorical bars, he may still be prevented from establishing good moral character if, during that statutory period, he "[c]ommitted unlawful acts that adversely reflect upon [his] moral character, or was convicted or imprisoned for such acts, although the acts do not fall within" the categorical bars. 8 C.F.R. § 316.10(b)(3)(iii). While an applicant must show good moral character during the statutory period, a reviewing court "may consider the applicant's conduct at any time prior to that period, . . . if his or her conduct during the statutory period does not reflect that there has been reform of character from past misdeeds or if the earlier conduct is otherwise relevant in determining the applicant's present moral character." *Etape v. Napolitano*, 664 F. Supp. 2d 498, 507 (D. Md. 2009) (citing 8 C.F.R. § 316.10(a)(2)). The Supreme Court has said that "there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship." *Fedorenko v. United States*, 449 U.S. 490, 506 (1981).

The Court's review of Zapata's naturalization application is de novo. 8 U.S.C. § 1421(c). While the Court does not afford any weight to the decisions of USCIS, it may consider those documents and the undisputed facts contained in them without converting USCIS's motion to dismiss to a motion for summary judgment. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

USCIS argues that Zapata is not entitled to naturalization because he was convicted of two offenses within the statutory period: shoplifting and violating a county ordinance. USCIS acknowledges that its initial decision inaccurately stated that the shoplifting occurred in the statutory period, and that, in fact, the shoplifting incident occurred just outside the statutory period while the conviction for that incident occurred within the statutory period. Zapata argues that because the shoplifting occurred before the statutory period, it does not prevent him from establishing good moral character under 8 C.F.R. § 316.10(b)(2), which applies only to acts committed during the statutory period. Zapata also argues that shoplifting falls under an exception for petty offenses in § 316.10(b)(2)(i). However, USCIS contends that § 316.10(b)(2) is irrelevant because it does not argue that the shoplifting charge falls into one of the categorical bars to naturalization set forth in that section. Rather, USCIS argues that shoplifting is an unlawful act that adversely reflects upon Zapata's moral character under § 316.10(b)(3)(iii). Unlike § 316.10(b)(2), § 316.10(b)(3)(iii) states that such acts prevent an applicant from establishing good character regardless of whether the applicant committed them, was convicted for them, or was imprisoned for them during the statutory period. 8 C.F.R. § 316.10(b)(3)(iii). Zapata does not dispute that he was convicted for shoplifting during the statutory period. Moreover, it is undisputed that Zapata was arrested *and* convicted within the statutory period for violating a county ordinance. The Court finds that these unlawful acts adversely reflect on Zapata's moral

4

character. *See Farrell-Murray v. I.N.S.*, 992 F.2d 1222 (10th Cir. 1993) (theft offenses adversely reflect on moral character).

Zapata could nonetheless be eligible for naturalization despite these two convictions if he put forth extenuating circumstances. 8 C.F.R. § 316.10(b)(3)(iii). For example, one court explained that an applicant might establish extenuating circumstances for the theft of a bottle of pills if he could show that he stole them to help his dying grandfather. *Aswad v. Johnson*, No. CV 16-505 KG/GJF, 2017 WL 3172784, at *4 (D.N.M. May 24, 2017). However, since the applicant—who unlawfully purchased and administered drugs not approved by the Food and Drug Administration—did not show such extenuating circumstances, the court held that his unlawful act prevented him from establishing good moral character and granted the government's motion to dismiss. *Id.* at *5. Zapata has not offered any extenuating circumstances that lessen the culpability of either of his two convictions during the statutory period. The Court finds that these convictions adversely reflect on his character and that his character during the statutory period fell below "the standard[] of the average citizen in the community," 8 C.F.R. § 316.10(a)(2). Consequently, the Court finds that Zapata cannot establish that he demonstrated good moral character during the statutory period, and thus is not entitled to the relief he seeks. As a result, the Court grants USCIS's motion to dismiss. *See id.*; *Hamed v. Beers*, No. 4:13CV00516 HEA, 2013 WL 6096511, at *3 (E.D. Mo. Nov. 20, 2013) (finding petitioner ineligible for naturalization based on one conviction in the statutory period and granting the government's motion to dismiss); *Abdi v. USCIS*, 923 F. Supp. 2d 1160, 1165–67 (D. Minn. 2013) (granting USCIS's motion to dismiss or, in the alternative, for summary judgment, against petitioner who was convicted of two unlawful acts that were dismissed following probation). Finally, though the Court finds that there is no need to delve beyond the statutory period, it notes that this would not aid Petitioner's argument.

## CONCLUSION

For the reasons stated herein, Respondent's motion to dismiss is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 9, 2018**
**Charleston, South Carolina**